IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADOLFO MOYA SALAZAR, JR, ) | |
| ID # 01811309, ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:19-CV-606-K-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petitioner's Objection with Brief*, received on January 7, 2022 (doc. 23). Based on the relevant filings and applicable law, the post-judgment filing should be liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I.     BACKGROUND

Adolfo Moya Salazar, Jr. (Petitioner),[3] an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenged his convictions and sentences in Cause Nos. F10-63048-I and F10-63151-I in the Criminal District Court No. 2 of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 2.)[4]

On December 10, 2021, it was recommended that the § 2254 petition be denied with prejudice. (*See* doc. 19.) The recommendation was accepted, and judgment was entered denying the § 2254 petition with prejudice, on January 5, 2022. (*See* docs. 20, 21.) Two days later, on

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[3] Some of the state records provided in this case show the petitioner's first name as Aldolfo, but he signed his § 2254 filings as Adolfo Moya Salazar, Jr.

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

January 7, 2022, his objection to the recommendation for dismissal, dated and deposited in the prison mail on December 29, 2021, was received. (*See* doc. 23 at 14.)

## II.   NATURE OF FILING

According to the filing, it was signed and placed in the prison mail prior to the date of judgment, so it is a timely pre-judgment objection to the recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objection was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303-04 & n. 10. Until recently, the Fifth Circuit applied *Gonzalez* to motions under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *In re Franklin*, 832 F.

App'x 340, 341 (5th Cir. 2020).  As it noted, however, the Supreme Court recently held that Rule 59(e) motions do not constitute successive habeas petitions, and *Gonzalez* does not apply to them. *Id.* (citing *Banister v. Davis*, 140 S. Ct. 1698, 1705-11 (2020)).

### III.     FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.*  When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Petitioner specifically objects to the finding that he failed to demonstrate prejudice resulting from any deficient performance by counsel.  (*See* doc. 23 at 5.)  The recommendation found that he had offered no facts or evidence beyond conclusory allegations and speculation to demonstrate a reasonable probability that the result of a probation revocation proceeding based on an aggravated robbery charge would have been different but for counsel's alleged deficiency. (*See* doc. 19 at 10.) Petitioner contends that but for counsel's deficient performance, the outcome would have been different in several different ways, including by imposition of a lesser sentence or reinstatement of his probation. (*See* doc. 23 at 5.)  He notes that he filed his own motion for DNA

3

testing in 2018 to show that his fingerprint was not on the weapon he was charged with possessing during the alleged aggravated robbery that resulted in revocation of his probation. (*See id.*)  He contends that counsel could have challenged the victim's identification of him as the robber by showing that he did not have any gun residue on him, that the victim's testimony about how Petitioner's eyes looked was insufficient, and that his clothing did not match the description given to the police of the robber. (*See id.* at 6-7.)  Although Petitioner is more specific in his objections about what counsel allegedly should have done, his new allegations are still conclusory and speculative.  He has still not presented any facts or evidence demonstrating a reasonable probability of a different outcome of the probation revocation proceeding.

Petitioner also reasserts his claims that counsel failed to make a reasonable investigation and that appellate counsel was deficient for failing to challenge the alleged lack of notice resulting from late-amended motions for revocation of probation. (*See id.* at 7-9.)  He appears to claim, for the first time, that appellate counsel was also deficient for failing to appeal revocation counsel's alleged deficient performance. (*See id.* at 9-10.)  Finally, he also objects to the finding that he failed to show that the state court's denial of his motion to strike the amended motions to revoke his probation was contrary to or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence. (*See id.* at 10-11.)  Petitioner essentially relies on the same arguments that have already been considered and rejected, however.  As for his new claim that appellate counsel failed to challenge revocation counsel's deficient performance on appeal, he has not shown that his claim was "sufficiently meritorious" such that it should have raised on appeal. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

Petitioner does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. Because he has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### IV. RECOMMENDATION

The petitioner's objection, received post-judgment on January 7, 2022 (doc. 23), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 11th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE